JACOB ODELL, Respondent, *against* JAMES MULRY *et al.*, Appellants.

(Decided December 6th, 1880.)

Where, by an assignment of a contract for work which has been partially performed by the assignor, the assignee assumes debts incurred by the assignor in the execution of the contract, to the extent of a specified sum, and no more, and afterwards pays more than that amount of such debts, without paying the whole, the creditors remaining unpaid have no right of action against the assignee. Even a promise by him to pay a specific claim, being without consideration, is not binding upon him.

APPEAL from a judgment of this court entered upon the verdict of a jury.

Previous to April, 1869, one P. C. Shanahan had made a contract with the Long Island Railroad Company for the construction of a branch railroad, and had commenced and carried on work under it until his death.

On the 16th of July, 1869, the administrator of said Shanahan made an assignment of said contract to the defendant Mulry, which assignment contained the following provisions : " And it is further understood and agreed that said Mulry shall not in any manner be bound for, nor does he assume to pay any debts or liability arising out of said contract, other than such as may have been incurred for labor done in the prosecution of the work, or necessary material furnished therefor. And in assuming to pay for claims for such labor and material which remain unpaid, it is understood and agreed that he shall not be under any obligation to pay a sum exceeding ten thousand dollars," &c.

The plaintiffs having sold and delivered sugar and molasses to Shanahan in his life-time, this action was brought against the defendant Mulry and the administrator of Shanahan. The defendant Mulry upon the trial proved that he had paid within a few days after the assignment a sum largely exceeding $10,000 for labor done in the prosecution of the work

Odell *v.* Mulry.

under the contract and for necessary material furnished therefor. The plaintiffs proved subsequent to this time a promise to pay their claim. A verdict having been rendered for the plaintiff, from the judgment entered thereon, this appeal was taken.

*H. B. Townsend,* for appellant.

*C. W. Seymour,* for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—In the foregoing statement of the case I have not attempted to embrace all the testimony relating to questions raised upon this appeal, but have simply confined myself to such as presented the question which it seems to me is decisive of this appeal.

By the agreement of assignment Mulry assumed debts which had been incurred in the execution of the contract to the extent of ten thousand dollars and no more, and that amount he paid out in a very few days after the assignment, without being able to pay the whole amount of such debts.

The creditors remaining unpaid had no right of action against Mulry after he had paid under the assignment all that he had agreed to pay.

It is true that no specific creditors are named in the assignment, but a specific class is named and the assignee expressly limits his liability to the payment of those claims to a certain sum, and I know of no rule of law which prohibited him from so doing. He was not bound to pay all the debts incurred in the completion of the contract if the assignment was not worth such a sum, and no parol evidence can engraft upon that assignment any greater liability than has been assumed by the assignee. Even if the assignee did say that he would pay the plaintiff's claim, not being under any obligation to do so, not having received any consideration for the promise, it was not binding upon him. I have failed to see the application of the numerous authorities cited by the counsel for the respondents, as the propositions which they are cited to sustain do not arise in this case.

The judgment must be reversed and a new trial ordered, costs to the appellant to abide the event.

CHARLES P. DALY, Ch. J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.